SUMMARY ORDER

Li Xu, a native and citizen of China, seeks review of a September 26, 2007 order of the BIA denying her motion to reopen her removal proceedings. In re Li Xu, No. A98 419 020 (B.I.A. Sept. 26, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). “An abuse of discretion may be found ... where the [BIA’s] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or eonclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA’s denial of a motion to reopen, we remain mindful of *500 the Supreme Court’s admonition that motions to reopen are “disfavored.” See Maghradze v. Gonzales, 462 F.3d 150, 154 (2d Cir.2006).
As an initial matter, contrary to the government’s argument, we find that we have jurisdiction to review the BIA’s September 2007 decision denying Xu’s motion to reopen, which denied reopening based on Xu’s failure to establish prima facie eligibility for relief, rather than the agency’s pretermission finding. See Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 89-90 (2d Cir.2001); see also 8 U.S.C. § 1158(a)(2)(B).
We conclude that the BIA did not abuse its discretion in denying Xu’s motion to reopen because she failed to establish pri-ma facie eligibility for asylum based on her practice of Falun Gong. The BIA reasonably found that the evidence she submitted was substantially similar to the evidence she previously submitted with her appeal of the IJ’s denial of her original asylum application. It also appropriately found that Xu’s arguments in her motion to reopen were the same arguments she made in her prior appeal. Because the evidence and arguments are essentially the same as were presented to the BIA in her prior appeal, the BIA did not abuse its discretion in denying her motion. Cf. Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir.2006) (finding that a BIA does not abuse its discretion in denying a motion to reconsider where the motion merely repeats arguments that the BIA had previously rejected).
Because Xu has failed to sufficiently challenge the BIA’s finding that she failed to demonstrate prima facie eligibility based on the birth of her U.S.-born children, we deem any such argument waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED.